NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIAN VITELLO, | |
| Plaintiff, | Civil Action No. 13-3884 |
| v. | **OPINION** |
| CAPTAIN ANDREW HUISMAN, ANDREW SCHWEERS, and JOHN DOES 1-10, | |
| Defendants. | |

PISANO, District Judge

This is a 42 U.S.C. § 1983 brought by Plaintiff Darian Vitello ("Plaintiff" or "Vitello") against Defendants Captain Andrew Huisman and Andrew Schweers (together, the "Defendants"). Plaintiff alleges that Defendants have deprived him of his property interest in his job without due process of law, in violation of the Fourteenth Amendment and the New Jersey Civil Rights Act. Defendants Huisman and Schweers have moved to dismiss the Complaint, alleging that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) [ECF Nos. 9, 14]. Plaintiff has opposed these motions, and cross-moved to amend his Complaint [ECF No. 15, 19]. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant the Defendants' motion to dismiss.

I.  **Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.[1]  *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010).

Plaintiff, Darian Vitello, is a former police officer for the Borough of Belmar, New Jersey.  Plaintiff alleges that, in the later part of 2004 into 2005, a rumor began to circulate around the Belmar Police Department that Plaintiff had pointed a firearm at another police officer.  Plaintiff reported this event to the Internal Affairs United and requested that an investigation be conducted.  The Special Investigation Unit conducted an investigation and recorded the matter as "unfounded."  At the same time, the Monmouth Country Prosecutor's Office was conducting an investigation into reports that Plaintiff had pointed his duty weapon at other colleagues.  *See* Certification of Brian P. Wilson ("Wilson Cert.") Exs. A, B.

Thereafter, on March 6, 2009, Plaintiff was suspended by Defendant Captain Huisman, apparently for making terroristic threats.  Plaintiff alleges that Captain Huisman refused to tell Plaintiff about why he was being suspended, and told him to not speak to any former or current employees of the Belmar Police Department about it.  Captain Huisman thereafter allegedly attempted to repossess Plaintiff's partner-canine and publicly seized Plaintiff's patrol car and department-issued firearm.  Plaintiff alleges that his home was also searched without a warrant and his personal weapons were taken.

On August 31, 2009, Plaintiff testified before a Grand Jury being conducted by Defendant Schweers.   In his Complaint, Plaintiff alleges that he told the Grand Jury "that

---

[1] In his Opposition, Plaintiff has included a statement of "Facts and Procedural History" that is largely compromised of allegations not found within the Complaint.  These allegations will not be considered by the Court in determining the sufficiency of Plaintiff's claims under Rule 12(b)(6).  *See, e.g.*, *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

nothing happened." Plaintiff also alleges that "[o]n the record in other proceedings, the supposed victim of Plaintiff's terroristic threat, denied that anything had ever happened. . . ." Compl. ¶ 20.

Plaintiff was eventually charged under Monmouth County Accusation number 09-10-1946 with one count of third degree terroristic threats contrary to N.J.S.A. 2C:12-3(a). *See* Wilson Cert. Ex. B. Although a Grand Jury was empaneled, on October 1, 2009, Plaintiff waived his right to indictment. Consequently, the Grand Jury was required to no-bill the indictment. Plaintiff then pled guilty to the accusation, which was subsequently downgraded to a petty disorderly persons offense of harassment under N.J.S.A. 2C:33-4. In exchange for his plea, the State agreed to recommend a non-custodial term conditioned upon Plaintiff's forfeiture of his position as a police officer and all other future public employment within the State of New Jersey. *See* Wilson Cert. Ex. C. Plaintiff was represented by counsel during these proceedings. *See* Wilson Cert. Exs. A, C. Plaintiff alleges that when he entered his plea, the Superior Court Judge "references the fact that Plaintiff's matter had never been heard by the Grand Jury." Compl. ¶ 22.

Thereafter, on June 24, 2011, Plaintiff received a copy of the discovery from the 2009 matter from his former attorney's secretary. Plaintiff alleges that he then "learned that, not only had he never been indicted, but a great deal of exculpatory evidence existed and Plaintiff should have never entered into any 'plea deal.'" Compl. ¶ 25.

On June 24, 2013, Plaintiff filed the current Complaint against Defendant Captain Huisman and Defendant Gregory Schweers. In the Complaint, Plaintiff alleges that he was denied his right to due process and his statutory rights under New Jersey law in violation of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, and that the Defendants conspired to deprive Plaintiff of his civil rights in violation of § 1983 and the New Jersey Constitution.

3

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id*. at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. *See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

A statute of limitations defense may appropriately be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) under the law of this Circuit (the so-called "Third Circuit Rule"). Such a defense, however, may only be raised by a 12(b)(6) motion "if 'the time alleged in the statement

of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "If the [statutory] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978). *See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.").

Generally, the Court's task in assessing a motion to dismiss requires it to disregard any material beyond the pleadings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may, however, consider the factual allegations within other documents, including those described or identified in the Complaint and matters of public record, if the plaintiff's claims are based upon those documents. *See id.* at 1426. Accordingly, in resolving this motion, the Court shall consider the exhibits attached to the Certification of Brian P. Wilson ("Wilson Cert."), all of which form the basis of Plaintiff's claims, are referenced directly in the Complaint, or are matters of public record.[2]

### III. Discussion

Defendants Captain Huisman and Schweers both argue that Plaintiff's claims are untimely. The parties do not dispute that a two-year statute of limitations applies to the § 1983 claims filed by Plaintiff in Counts One and Three of his Complaint. *See Cito v. Bridgewater*

---

[2] Specifically, the Waiver of Indictment, Accusation, and Forfeiture of Public Office, *State of New Jersey v. Darian Vitello*, Monmouth County Accusation No. 09-10-1946, are all directly referenced within the Complaint and are matters of public record on which Plaintiff's claims are based. Plaintiff does not dispute the authenticity of any of these documents.

5

*Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).   Plaintiff has alleged two events that caused his "right to due process, and of his statutory rights as a police officer in the State of New Jersey" to be violated.  Compl. ¶ 29.  Plaintiff first claims that he was improperly suspended without a department hearing on March 6, 2009.  Compl. ¶¶ 9, 12.  Plaintiff next claims that he entered a guilty plea and forfeited his position as a police officer on October 1, 2009 without having "any and all indictable offenses presented to him."  Compl. ¶¶ 21-22, 24-25, 31.  Because the events giving rise to Plaintiff's alleged injury took place, at the latest, on October 1, 2009, the statute of limitations date for these claims would have been October 1, 2011.

Plaintiff, however, argues that his claims under § 1983 have been timely brought because the statutory limitations period did not begin to run until June 24, 2011, the date on which he first received copies of the discovery from the 2009 case.  Therefore, he argues that his filing on June 24, 2013 was timely.  This Court disagrees.

The accrual date of a § 1983 cause of action is a question of federal law.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).   In general, the statute of limitations begins to run when a plaintiff's cause of action accrues; in a federal cause of action, a claim accrues "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury."  *Oshiver*, 38 F.3d at 1386.  The discovery rule, however, "functions to delay the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that the injury had been caused by another party's conduct."  *Oshiver*, 38 F.3d at 1386.  *See also Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010) ("It was not until July 2001, when his attorney became aware of the extensive documents describing the State's pervasive selective-enforcement practices, that Dique discovered, or by exercise of reasonable

diligence should have discovered, that he might have a basis for an actionable claim."). It is awareness of actual injury—not awareness that this injury constitutes a legal wrong—that accrues a claim. *Id.*

Here, Plaintiff's two-year statute of limitations began to run on the date the wrong occurred, meaning when he was suspended from the Belmar Police Department on September 6, 2009 or when he pled guilty to a petty disorderly persons offense on October 1, 2009. To the extent that Plaintiff argues that the discovery rule delayed the start of his limitation period to when he discovered certain exculpatory materials and learned he had not been indicted, that argument is unpersuasive. The Court has no difficulty in concluding that for purposes of the discovery rule, Plaintiff "discovered" the injury in March or October 2009, the dates when Plaintiff was suspended from his position as a police officer and plead to the disorderly persons offense. Plaintiff contends in his Complaint that he was innocent of the crime he was suspended for and pled to; therefore, it stretches logic for Plaintiff to contend that he was somehow unaware that a wrong had occurred until 2011.[3] If anything, Plaintiff became aware that he may have a legal cause of action in July of 2011.[4] However, a claim accrues upon awareness of actual injury, not of legal redress. Because Plaintiff was aware of the underlying factual basis for his cause of action in 2009, the discovery rule does not work to delay the accrual of Plaintiff's claims.

Plaintiff asserts that even if his § 1983 claims accrued before 2011, they are still timely based upon an equitable exception to the statute of limitations called the continuing violation

---

[3] This allegation is furthered in Plaintiff's Opposition, where he explains that he states that he "hired a private investigator to help him determine what had transpired" prior to June 24, 2011. *See* Opp. Br. at 9.
[4] Even this argument is a stretch, however. In Plaintiff's own Complaint, he states that when he entered his guilty plea, "the Superior Court Judge. . .referenced the fact that Plaintiff's matter had never been heard by the Grand Jury." Compl. ¶ 22. Additionally, Plaintiff had freely waived his right to indictment prior to entering his guilty plea. It is unclear, therefore, how Plaintiff can now allege that he had no knowledge that he had not been indicted.

7

doctrine.[5] The continuing violation doctrine is an "equitable exception to the timely filing requirement." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). An action is considered timely when a defendant's conduct is part of a continuing practice, "so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1295 (3d Cir. 1991). There is a

> bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a […] claim. The former must be raised within the applicable limitations period or they will not support a lawsuit. The latter can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period.

*O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 105, 113 (2002)) (internal citations omitted). The continuing violation doctrine does not prevent causes of action that can be brought individually from expiring with the applicable limitations period. It only works "to address situations in which the plaintiff's claim is based on the cumulative effect of a thousand cuts, rather than on any particular action taken by the defendant." *Id.* at 128 (citing *Morgan*, 536 U.S. at 117-18). In these situations, "the filing clock cannot begin running with the first act, because at that point the plaintiff has no claim; nor can a claim expire as to that first act, because the full course of conduct is the actionable infringement." *Id. See also West*, 45 F.3d at 756 (3d Cir. 1995) (finding that a continuing violation occurred when plaintiff had alleged certain conduct, like the hanging of nooses and

---

[5] The continuing violation doctrine is recognized by both the New Jersey courts and the federal courts. In general, the accrual of federal claims is a matter of federal law, while tolling is a matter of state law. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Wilson v. Garcia*, 471 U.S. 261, 269-70 (1985). "[N]o consensus exists regarding whether the rule is one of accrual or of tolling." *Wilson v. Wal-Mart Stores*, 158 N.J. 263, 272 (N.J. 1999). The parties have not addressed this issue here. The Court, however, need not decide which body of law properly should apply here, because there appears to be no distinctions between the state and federal law versions of the doctrine that are relevant here. *See Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 381 (D.N.J. 2011).

Klan picture, that "did not cause a discrete event such as a lost job or a denied promotion and, thus, it did not trigger a duty of the plaintiff to assert his rights arising from that deprivation"). In other words, "time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." *O'Connor*, 440 F.3d at 129.

Here, Plaintiff argues that he has alleged a continuing violation because his "claims revolve around hidden evidence and withheld information" which occurred regularly between 2009 and 2013. Opp. Br. at 18. As a practical matter, Plaintiff's argument that his rights were constantly violated when Defendants hid information and evidence from him regarding his plea deal and non-indictment appears to defy logic, as Plaintiff not only waived his right to indictment but alleges that he was told during his plea colloquy that his matter had never been heard by a Grand Jury. Further, Plaintiff has alleged in his Complaint that he was unable to get a copy of his discovery until June 24, 2011 and that his Internal Affairs file disappeared from the Belmar Police Department sometime in 2009. Compl. ¶¶ 23-25. The continuing violation doctrine, however, focuses "on affirmative acts of the defendants." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). Plaintiff's attempt to allege a continuing violation contains no affirmative acts by either Defendant Captain Huisman or Defendant Schweers. Rather, Plaintiff's basis for tolling the statute of limitations relates primarily to allegations pertaining to a non-party's conduct, that of his former attorney. The failure of Plaintiff's former attorney, whether intentional or not, to provide Plaintiff with certain discovery from his case is a discrete, isolated incident from the conduct of Defendants alleged here.

Finally, and significantly, the Third Circuit has instructed courts to consider three factors when making a determination regarding the application of the continuing violation doctrine. Courts should consider the subject matter of the violations to see if they are connected, the

frequency of the violations, and the "degree of permanence." *Cowell*, 263 F.3d at 292.  Of these, the consideration of "permanence," meaning "whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights," is considered the most important.  *Id.*  Here, there were two discrete events alleged by Plaintiff:  his suspension from Belmar Police Department on March 6, 2009 and his guilty plea to a disorderly persons offense in which he forfeited his job on reliance that he would not be indicted on October 1, 2009.  Both of these events had a certain "degree of permanence" that should have triggered Plaintiff's "awareness of and duty to assert" his rights.  This is particularly true here, where Plaintiff has alleged in his Complaint that he did not commit any of the actions that he was suspended for and to which he eventually pled.  *See* Compl. ¶ 26.  Even if there are certain acts that occurred after 2011 that are linked to those acts in 2009, it does not change the fact that the two events that specifically caused Plaintiff's injury were individually actionable, and cannot be "resurrected" by Plaintiff's attempt to aggregate them with his accusation of concealment of certain documents by his former attorney.  "[T]he continuing violations doctrines should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims;" therefore, the Court will not apply the continuing violations doctrine to Plaintiff's § 1983 claim.  *Cowell*, 263 F.3d at 292.

Finally, Plaintiff alleges that the doctrine of equitable tolling applies to his claims. Courts should apply states' interrelated limitations provisions regarding tolling, revival, and application unless their full application would defeat the goals of the federal statute at issue.  *Wilson*, 471 U.S. at 269.  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or

10

where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *See Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* While equitable tolling "affords relief from inflexible, harsh or unfair application of a statute of limitations, it does not excuse claimants from exercising reasonable insight and diligence required to pursue their claims." *Binder v. Price Waterhouse & Co., L.L.P.*, 393 N.J. Super. 304, 313 (App. Div. 2007) (quoting *Freeman*, 347 N.J. Super. at 32)). Based upon these equitable tolling principles, Plaintiff's claims are still time-barred. Plaintiff has failed to allege in his Complaint any intentional inducement or trickery on behalf of Defendants that would justify the extraordinary application of equitable tolling. Plaintiff was aware of his injury and the alleged conduct of Defendants when he pled to the disorderly persons offense on October 1, 2009. Therefore, it is Plaintiff's own inaction that forms the basis for his failure to file within the limitation period. Accordingly, Counts One and Three will be dismissed with prejudice.

Turning to Plaintiff's claims under the New Jersey Civil Rights Act (the "NJCRA"), Defendants argue that Plaintiff's claims are barred by the same two-year statute of limitations as the § 1983 claim. Plaintiff does not dispute that a two-year statute of limitations applies to the NJCRA claim. While the NJCRA does not specify a statute of limitations, courts have applied the same limitations period that exists under § 1983, in large part because the NJCRA is modeled after § 1983. *See, e.g.*, *Shenekji v. Twp. of Wayne*, Civil Action No. 12-620, 2013 U.S. Dist. LEXIS 38210, at *13 n.5 (D.N.J. Mar. 19, 2013); *Ford v. County of Hudson*, Civil Action No. 07-5002, 2012 U.S. Dist. LEXIS 90552, at *23 (D.N.J. June 28, 2012); *Gracia-Brown v. City of

11

*Newark*, Civil Action No. 09-3752, 2010 U.S. Dist. LEXIS 40564, at *14-15 (D.N.J. Apr. 26, 2010).  Consequently, Plaintiff's NJCRA claims are time-barred for the same reasons that his § 1983 claims are time-barred, and the Court will dismiss these claims with prejudice.

Finally, Plaintiff has moved to amend his Complaint "to incorporate newly discovered evidence, to clarify and buttress his allegations regarding Defendants' conspiracy….and to add his former attorney…as a named defendant."  Opp. Br. at 23.  A court must give a plaintiff the opportunity to amend a complaint that fails to state a claim, unless amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Here, Plaintiff's proposed amendments are futile.  The alleged harms giving rise to Plaintiff's cause of action have not changed, and, for the reasons just discussed, the applicable statute of limitations has expired on these claims.  Plaintiff has not proposed any allegations that would work to either toll or otherwise delay the accrual of Plaintiff's claims under § 1983 and the NJCRA.  Consequently, because Plaintiff's claims under § 1983 and the NJCRA are time-barred, Plaintiff's proposed amendment to add his former attorney is also futile.  Therefore, Plaintiff's motion to amend his Complaint is denied.

## IV.   Conclusion

For the reasons stated above, Defendant Captain Huisman's Motion to Dismiss and Defendant Schweers's Motion to Dismiss is granted.  Plaintiff's Motion to Amend is denied as futile.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: March 18, 2014