NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIAN VITELLO, | : |
| Plaintiff, | : Civil Action No. 13-3884 |
| v. | : **OPINION** |
| CAPTAIN ANDREW HUISMAN, ANDREW SCHWEERS, and JOHN DOES 1-10, | : |
| Defendants. | : |

PISANO, District Judge

Plaintiff Darian Vitello ("Plaintiff" or "Vitello") has moved this Court to amend his original Complaint pursuant to Federal Rule of Civil Procedure 15(a), and thereby disturb the prior judgment entered by this Court, pursuant to Federal Rule of Civil Procedure 59(a). Defendants Captain Andrew Huisman and Andrew Schweers (together, the "Defendants") oppose this motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Plaintiff's motion.

**I.    Background**

On March 18, 2014, the Court granted Defendants' motion to dismiss the complaint. *See* Op. on Mot. to Dismiss, ECF No. 21. The relevant facts of this case are fully set forth in that Opinion, and are repeated here only to the extent that they are pertinent. In sum, the Court dismissed Plaintiff's complaint with prejudice, holding that Plaintiff's claims were untimely. The Court found that the statute of limitations on Plaintiff's claims began to run no later than October 1, 2009; consequently, Plaintiff's claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") should have been filed no later than October 1, 2011. Accordingly,

because Plaintiff failed to bring these claims until June 24, 2013, his claims were time-barred. The Court also found that the discovery rule did not delay the accrual of Plaintiff's claims because he was aware of his legal injury in 2009. Further, the Court determined that the continuing violation doctrine did not apply, primarily because Plaintiff had alleged two discrete events that had a certain "degree of permanence" to them that should have triggered Plaintiff's awareness of his rights. Finally, the Court determined that there was no justification to apply the doctrine of equitable tolling.

On April 18, 2014, Plaintiff filed the current motion. Plaintiff submits that the Court should grant Plaintiff leave to file an amended complaint, in light of new evidence that recently came to light. In connection with his request, Plaintiff has submitted a proposed Amended Complaint, which purportedly includes factual allegations that trigger the continuing violation doctrine and the doctrine of equitable tolling. To that regard, Plaintiff asserts that, because amendment of his Complaint is not futile, the Court should reopen this case and allow Plaintiff to file an amended complaint. Defendants oppose this motion, arguing that such amendment is futile.

## II.     Standard of Review

After a judgment is entered granting a Rule 12(b)(6) motion to dismiss, "a party may seek to amend the complaint (and therefore disturb the judgment) only through [Rules] 59(e) and 60(b)." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007)). Such a motion to alter or amend the judgment must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The determination of whether a party may amend a judgment

or be given leave to amend a complaint is within the sound discretion of the court. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

A motion for reconsideration under Rule 59(e) generally must rely on one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest justice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citation omitted). The Third Circuit has determined that, "where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors." *Burtch*, 662 F.3d at 230–31 (quoting *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (internal quotation omitted). Factors to consider under Rule 15(a) include "undue delay, bad faith, or futility." *Id.* at 231 (quoting *Adams Golf*, 381 F.3d at 280).

With regards to the first factor, delay alone is insufficient to deny a motion to amend. *See Cureton*, 252 F.3d at 273. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Next, a showing of bad faith requires a showing of prejudice to the non-moving party. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). Courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. Finally, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Futility of an amended complaint is reviewed under the same standard of legal sufficiency as applies under [Rule] 12(b)(6)." *Burtch*, 662 F.3d at 231 (internal citations and quotations omitted).

When resolving Rule 59(e) and Rule 15(a) motions, the Third Circuit has determined that "the appropriate manner to dispose of this issue is to consider the motions together and determine what outcome is permitted by consideration of the Rule 15(a) factors." *Id.* However, "'the liberality of [Rule 15(a)] is no longer applicable once judgment has been entered' because Rule 15(a) and 59(e) should not be employed in a manner contrary to 'favoring finality of judgments and the expeditious termination of litigation . . . that would render those provisions meaningless.'" *Id.* (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002)).

### III.   Discussion

Plaintiff requests leave to amend his Complaint after a final judgment has been entered pursuant to Rules 59(e) and 15(a), arguing that his proposed Amended Complaint shows sufficient new evidence to "trigger[] the continuing violations doctrine and the doctrine of equitable tolling." Pl.'s Br. at 6.  First, the Court finds that Plaintiff has not engaged in undue delay or bad faith, particularly because Defendants have offered no objections to Plaintiff's proposed amendment on these grounds.  Rather, the Court's analysis focuses on whether or not the proposed Amended Complaint is futile, meaning that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 173 (3d Cir. 2010) (quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)).

In his Amended Complaint Plaintiff seeks to join Borough of Belmar Police Chief Tom Palmisano, the Borough of Belmar, and Robert Honecker, Plaintiff's former attorney, as named defendants.   Plaintiff also seeks to add several factual allegations.  The core these factual allegations pertains to the issuance of criminal charges against Defendant Huisman and Chief Palmisano on March 18, 2014, by the Honorable Joseph DeFino, J.M.C., of the Municipal Court

of Wall Township.  Judge DeFino found probable cause to believe that Defendant Huisman pressured Luis Abreu, Plaintiff's accuser, to provide false statements, knowing they were not truthful and accurate, with the intent of depriving Plaintiff of benefit, and then presented these statements to the Monmouth County Grand Jury knowing the statements were false, in violation of N.J. Stat. Ann. § 2C:30-2A.  He also found probable cause to charge Chief Palmisano with perjury, on the basis of his testimony at a weapons forfeiture hearing following Plaintiff's conviction.  Plaintiff has also added factual allegations to his Amended Complaint pertaining to a determination by the State of New Jersey Government Records Council from October 2013, in which the Government Records Council determined that the Borough of Belmar had violated New Jersey's Open Public Records Act ("OPRA") by withholding internal affairs files from Plaintiff and delaying access without adequate justification.  The Government Records Council issued an Interim Order on October 29, 2013, directing the Borough of Belmar to produce certain internal affairs files within five business days.  Plaintiff alleges that the Borough of Belmar submitted an untimely response on January 16, 2014.  Finally, Plaintiff has alleged that an anonymous person delivered a document to Plaintiff's PCR counsel that was previously missing.  Plaintiff alleges that this document, dated February 2, 2005, was signed by then-Lieutenant Thomas Palmisano.  Plaintiff argues that this confirms that the Belmar Police Department Internal Affairs Division and the Monmouth County Prosecutor's Office had previously absolved Plaintiff of guilt.  Overall, Plaintiff asserts that "[w]hile the alleged harms giving rise to Mr. Vitello's cause of action may not have changed, more facts that support the doctrines of equitable tolling and continuing violations have come to light."  Pl.'s Reply Br. at 3.

     On June 12, 2014, this Court granted Defendants' request to file a sur-reply, in light of newly discovered evidence relating to the criminal complaint that Plaintiff had filed against

Defendants Huisman and Chief Palmisano.  Specifically, a probable cause hearing was held in the Superior Court of New Jersey, Law Division, Monmouth County before the Honorable Joseph W. Oxley, J.S.C., on the criminal complaints signed by Judge DeFino.  During a two-day hearing, on May 20, 2014, and May 29, 2014, Detective Ryu Washurne of the Monmouth County Prosecutor's Office testified as to the investigation he conducted based upon Plaintiff's allegations regarding Defendant Huisman and Chief Palmisano.  Based upon that investigation, he found no evidence supporting any of the accusation alleged by Plaintiff against Defendant Huisman; in fact, during the hearing before Judge Oxley a video interview of Mr. Abreu by the Monmouth Country Prosecutor was played, wherein Mr. Abreu stated he was blackmailed by Plaintiff into making false statements regarding Defendant Huisman under threat of a secret recording made by Plaintiff being transmitted to Mr. Abreu's current employer.  In addition, testimony provided by Detective Washburne raised questions as to the authenticity of the February 2, 2005 letter that was purported to have been signed by Chief Palmisano.  Based upon the two-day hearing, on May 30, 2014, Judge Oxley, after having heard oral argument from personal counsel of the aforementioned individuals and reviewing the evidence, found that there was no probable cause for Defendant Huisman "to be bound over on the pending complaint against him" and signed an Order to that effect dated June 3, 2014.  *See* Defs.' Sur-Reply Ex. 2. In light of this finding by Judge Oxley, this Court will not consider Plaintiff's factual allegations relating to any criminal complaint signed by Judge DeFino in determining this motion to amend.

     Reviewing Plaintiff's remaining allegations in his proposed Amended Complaint, the Court cannot agree with Plaintiff that it will be a "miscarriage of justice to prohibit Mr. Vitello from amending his complaint . . . to strengthen his claims."  Pl.'s Reply Br. at 3.  Rather, the Court is unpersuaded that these new factual allegations work to toll the statute of limitations.

Plaintiff's claims are based upon an alleged conspiracy to deprive him of his employment relationship with the Borough of Belmar, culminating in his entry of a guilty plea conditioned upon Plaintiff's forfeiture of his position as a police officer.  As this Court has held, the continuing violation theory does not apply because Plaintiff's guilty plea "had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).  There is nothing in Plaintiff's factual allegations that changes this determination.  The Court also finds that Plaintiff's factual allegations fail to justify the extraordinary application of equitable tolling.  Plaintiff's argument that it would be a miscarriage of justice to prohibit him from amending his complaint, *see* Pl.'s Opp. Br at 2–3, is severely undercut by Judge Oxley's finding of no probable cause for Defendant Huisman to be bound over on the complaint that had been brought against him.  Needless to say, the resulting evidence from the two-day hearing casts a long shadow over Plaintiff's allegations here, particularly as it relates to the apparent blackmailing of Mr. Abreu by Plaintiff and the questioned authenticity of the February 2, 2005 letter.  Plaintiff's remaining factual allegations, pertaining to certain OPRA requests, fall short of establishing that Plaintiff was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or that Plaintiff has "in some extraordinary way been prevented from asserting his rights." *Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002) (quotations and citations omitted).  Therefore, despite Plaintiff's arguments to the contrary, the Court finds that the Amended Complaint fails to allege sufficient facts to support the application of either the doctrine of equitable tolling or the continuing violation doctrine.  Accordingly, because amendment of Plaintiff's complaint would be futile, Plaintiff's motion to alter or amend the judgment under Rules 59(e) and 15(a) is denied.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to alter or amend the judgment is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: November 13, 2014