NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIAN VITELLO, | |
| Plaintiff, | Civil Action No. 13-3884 |
| v. | **MEMORANDUM ORDER** |
| CAPTAIN ANDREW HUISMAN, ANDREW SCHWEERS, and JOHN DOES 1-10, | |
| Defendants. | |

On June 24, 2013, Plaintiff Darian Vitello ("Plaintiff" or "Vitello") filed a Complaint against Defendants, in which he alleged violations of 42 U.S.C. § 1983. On March 18, 2014, this Court entered an order granting the motion to dismiss filed by Defendant Captain Andrew Huisman ("Defendant" or "Huisman"). The Court found that Plaintiff's Complaint was time-barred, and thereby dismissed the action with prejudice. [*See* ECF No. 21.]

On April 18, 2014, Plaintiff filed a Motion to Alter or Amend the Court's prior Order to file an Amended Complaint pursuant to Federal Rules of Civil Procedure 59(e) and 15(a). On November 13, 2014, this Court denied Plaintiff's Motion. The Court found that Plaintiff's additional facts, in which he sought to add additional defendants and certain facts regarding a probable cause finding against Defendant Huisman by the Monmouth County Municipal Court, failed to show sufficient new evidence to trigger the continuing violations doctrine or the doctrine of equitable tolling. Significantly, the Court found that Plaintiff's additional facts were severely undercut by the subsequent findings of no probable cause by the Superior Court of New Jersey, in

1

which it was revealed that Defendant Vitello blackmailed his supporting witness Mr. Abreu. Therefore, the Court found that amendment under Rule 15(a) was futile, and denied Plaintiff's Motion to Alter or Amend the prior Order to file an Amended Complaint.

On January 14, 2015, Plaintiff filed a motion for an extension of time to file an appeal [ECF No. 34], requesting "a thirty (30) day extension in order to obtain other counsel and/or determine whether an appeal should be filed." *See* Pl.'s Letter Br. at 1.  Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1) to file a notice of appeal, and he shows either excusable neglect or good cause.  *See* Fed. R. App. P. 4(a)(1), 4(a)(5).

Here, the Order denying Plaintiff's Motion to Alter or Amend the Court's prior Order to file an Amended Complaint was entered on November 13, 2014.  Pursuant to the rule, Plaintiff had to file a notice of appeal no later than December 15, 2014,[1] or file a motion for extension of time to appeal the Order no later than January 14, 2015. Accordingly, Plaintiff's motion for extension of time to file an appeal, which she filed on January 14, 2015, was timely under Rule 4(a)(5).

Thus, the Court must determine whether Plaintiff has demonstrated excusable neglect or good cause.  When considering whether a movant has shown excusable neglect, courts look to: "(1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable

---

[1] The thirty-day period expired on December 13, 2014.  However, because December 13, 2014 was a Saturday, Plaintiff had until the following Monday, December 15, 2014, to file a notice of appeal.  *See* Fed. R. App. P. 26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

2

control of the movant; and (4) whether the movant acted in good faith." *In re Diet Drugs Product Liab. Litig.*, 401 F.3d 143, 153–54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97 (1993)). Good cause exists to grant an extension in those "situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments).

In this case, Plaintiff asks for an extension of time to file a notice of appeal based upon the sudden and unexpected passing away of Plaintiff's then-counsel. Plaintiff's former counsel passed away about a month before the Court's Order denying Plaintiff's Motion to Alter or Amend the prior Order. Plaintiff states that he made a good faith effort to inform the Court of his request for a stay because of his counsel's passing, but—as evidenced by the docket in this case—the Court never received Plaintiff's letter request. Further, while the Court recognizes that Defendant sent a copy of the Court's Order to Plaintiff's other counsel on November 19, 2014 (and therefore Plaintiff may have learned at an earlier date that his Motion was denied), Plaintiff asserts that, because he did not have counsel to access the Court's electronic filing system, he did not become aware of the Court's Order until December 10, 2014. Plaintiff has also explained that he has not been able to obtain the entirety of his case file from his former attorney's office, making it difficult to obtain new representation to determine if there is a basis for an appeal. Overall, the unique circumstances precipitating Plaintiff's delay in filing a notice of appeal were not within the reasonable control of Plaintiff, and the Court believes Plaintiff has acted in good faith. Accordingly, the Court believes Plaintiff has satisfied his burden of showing excusable neglect.

Pursuant to Fed. R. App. Pro. 4(a)(5)(C), "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the

motion is entered, whichever is later." Here, because the later period of time is 14 days after the date of this Order granting the motion, the Court will enlarge the time to file a notice of appeal for 14 days beyond the date of the entry of this Order. Therefore, to the extent that Plaintiff seeks an additional 30 days beyond the 30 days after the prescribed time, this request is denied.

**THEREFORE**, it is, on this 28th day of January, 2014,

**ORDERED** that Plaintiff's motion for an extension of time to file an appeal is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, pursuant to Fed. R. App. Pro. 4(a)(5)(C), Plaintiff shall have 14 days from the date of the entry of this Order to file a notice of appeal.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.